UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00467-MOC-DCK

| | |
|---|---|
| JOSEPH "DAN" BALDREE, II, ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| VALLEN DISTRIBUTION, INC., ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant Vallen Distribution's Partial Motion to Dismiss. (Doc. No. 3). Plaintiff Mr. Baldree filed a Response in opposition to the Motion to Dismiss (Doc. No. 7), and Defendant filed a Reply (Doc. No. 8). Thus, this matter is ripe for disposition.

## I. BACKGROUND

Mr. Baldree worked for Vallen Distribution ("Vallen") for forty-one years until he was terminated in February 2019. On August 5, 2019, Mr. Baldree filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that his termination violated the Age Discrimination in Employment Act's ("ADEA") prohibition on age discrimination and retaliation.

On December 17, 2019, the parties voluntarily participated in mediation where both parties presented arguments about the validity of Mr. Baldree's ADEA and wrongful discharge claims.

On March 3, 2020, the EEOC issued Mr. Baldree a notice of right to sue ("NRTS"), but

1

the NRTS was not received until March 5, 2020.

Then on June 1, 2020—two days before Mr. Baldree filed his application for an extension—Mr. Baldree's counsel reached out to Vallen's counsel to communicate that Mr. Baldree would be seeking an extension to file his complaint.

On June 3, 2020, exactly 90 days after Mr. Baldree received the NRTS, he filed a Civil Action Cover Sheet, a Civil Summons to be Served with Order Extending Time to File Complaint ("Summons"), and an Application and Order Extending Time to File Complaint ("Application and Order") in the General Court of Justice, Superior Court Division, Mecklenburg County.

An Application and Order is a one-page form document utilized by the North Carolina Superior Courts to facilitate requests for 20-day extensions for filing complaints in accordance with North Carolina G.S. 1A-1, Rule 3(a)(1) and (2). The "Application" section of the Application and Order states:

> The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

Id. The form then directs the filer to describe the nature and purpose of the action within the field provided on the form.

The "Order" section that follows the "Application" section states:

> The Court states that the nature and purpose of this action are as set forth above.
>
> Therefore it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

2

Id.

Relevant here, Mr. Baldree's Application and Order was devoid of any description of the "nature and purpose" of his action. Moreover, no "nature and purpose" of the action was set forth in the Order. The only information contained in Mr. Baldree's Application and Order was the date of the filing, the signature of Mr. Baldree's counsel and the clerk, and an instruction that Mr. Baldree file his Complaint on or before June 23, 2020. Id.

Due to the COVID-19 pandemic, the Mecklenburg County Senior Resident Superior Court Judge Richard R. Bell and Chief District Court Judge Elizabeth Trosch entered an Administrative Order on June 1, 2020—two days before Baldree's Application and Order was filed—altering the filing procedures for legal documents at the Mecklenburg County Courthouse. As of June 1, 2020, legal documents were required to be deposited in a secure receptacle and filings were no longer made in-person with the Clerk's Office. Documents deposited in the receptacle were file-stamped prior to being mailed back to the filing party.

The file-stamped Summons and Application and Order was received by Van Kampen Law via U.S. Mail on June 10, 2020. Van Kampen Law's office emailed a copy of the file-stamped Summons and Application and Order to Vallen's counsel on June 22, 2020. Mr. Baldree then filed his Complaint on June 23, 2020 as directed by the Clerk and asserted claims for both violations of the ADEA (Count I) and wrongful termination in violation of public policy (Count II). A copy of the file-stamped Complaint was emailed to Vallen's counsel on July 23, 2020. Vallen executed an Acceptance of Service form on July 23, 2020. Vallen removed the matter to this Court on August 21, 2020. Finally, on August 28, 2020, Vallen filed a partial motion to dismiss Mr. Baldree's ADEA claim on the ground that it was not filed in a timely manner.

3

Case 3:20-cv-00467-MOC-DCK   Document 12   Filed 11/23/20   Page 3 of 10

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For purposes of this case, it is important to note that courts have recognized that the 90-day filing requirement after receiving an NRTS letter from the EEOC "is 'in the nature of a statute-of-limitations defense,'" and has considered such defense to be a plaintiff's "failure to state a claim" under Rule 12(b)(6). Quinn v. Copart of Conn., Inc., 791 Fed. Appx. 393, 395 (4th Cir. 2019) (citing Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006)); Wright v. Tyson Foods, Inc., No. 5:18-cv-27-D, 2018 U.S. Dist. LEXIS 109943, at *3-4 (E.D.N.C. June 30, 2018) (considering motion to dismiss complaint filed outside 90-day limitations period under Rule 12(b)(6) and dismissing plaintiff's untimely complaint for failure to state a claim upon which relief could be granted).

While extrinsic evidence is typically not considered on a 12(b)(6) motion, a court may

4

consider materials referenced in or integral to a complaint without converting the motion to a Rule 56 motion for summary judgment. See, e.g., Brown v. Inst. For Family Centered Servs., 394 F. Supp. 2d 724, 728 n.2 (M.D.N.C April, 27, 2005) (holding the court could consider EEOC charge attached by defendant in support of its 12(b)(6) motion because the charge "is referenced in Plaintiff's complaint [] and is central to Plaintiff's claim in that Plaintiff must rely on it to establish she has exhausted her administrative remedies."). Because Mr. Baldree's Complaint states he "has exhausted his administrative remedies by first filing a charge with the Equal Employment Opportunity Commission and timely initiating this legal action," (Doc. No. 1-4, ¶ 49) (emphasis added), the Court can consider both Mr. Baldree's charge and his NRTS, both of which have been attached as exhibits in this case. Cohen v. Sheehy Honda of Alexandria, Inc., No. 1:06-cv-441, 2006 U.S. Dist. LEXIS 40621, at *5-6 (E.D. Va. June 19, 2006) ("The Fourth Circuit has held that 'when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'").

### III. DISCUSSION

#### A. Rule 3(a) Compliance

Under the ADEA, a plaintiff must commence a civil action within 90 days of receiving a NRTS from the EEOC; otherwise her claim is time barred. 29 U.S.C. § 626(e). A plaintiff may commence a lawsuit for violations of the ADEA in either federal or state court; however, if the plaintiff chooses the latter course, her action must commence pursuant to the applicable state court's statutory methods within the 90-day limitations period. Koures v. Pfizer Inc., No. 3:10-cv-00499, 2011 U.S. Dist. LEXIS 5232, at *18-19 (W.D.N.C. May 16, 2011).

5

In North Carolina, commencement of actions is addressed by North Carolina General Statute 1A-1, Rule 3. Rule 3, *Commencement of action*, provides that a "civil action is commenced by filing a complaint with the court or also:

> …[B]y the issuance of a summons when (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and (2) The court makes an order stating the nature and purpose of the action and granting the requested permission. The summons and the court's order shall be served in accordance with the provisions of Rule 4.

N.C.G.S. 1A-1, Rule 3(a)(1)-(2) (emphasis added).

Thus, to comply with the "delayed service" requirements to commence an action and correspondingly extend the applicable limitations period the following must occur:

- A summons must issue;
- A person must make an application stating the nature and purpose of his action and requesting permission to file his complaint within 20 days; and
- The court makes an order stating the nature and purpose of the action and granting the requested permission.

See, e.g., Telesca v. SAS Inst., Inc., 133 N.C. App. 653, 655 (1999).

However, strict compliance with Rule 3(a) is not required to secure a valid extension of time to file. See e.g., Roberts v. Coca Cola Bottline Co., 256 N.C. 434 (1962) (denying a motion to dismiss even though the application and order did not state all the claims against defendant); Morris v. Dickson, 14 N.C. App. 122 (1972) (denying a motion to dismiss where the court clerk failed to state the nature and purpose of the action in its order). The purpose of Rule 3(a) is to "require the plaintiff to alert the defendant by giving preliminary notice of the nature of the claim and the purpose of the suit" with an understanding that "the ultimate factual averments would

6

follow in a complaint." Roberts, 256 N.C. at 436. Put another way, in determining whether Rule 3(a) is satisfied, courts ask whether a defendant is "taken by surprise" by claims later raised in the complaint. Sharpe v. Pugh, 270 N.C. 598, 602 (1967).

Here, despite errors in the Application and Order process, there is no reason to believe that Vallen was taken by surprise by Mr. Baldree's filing of his ADEA claim or that Vallen was not on notice of the nature and purpose of the action. In fact, the parties had long been in discussion about the ADEA claim, including Mr. Baldree's EEOC charge, which asserted violations of the ADEA by Vallen.

However, the Court notes that Mr. Baldree's error is more severe than other cases involving mistakes in the Application and Order process under Rule 3(a). Instead of listing only some claims in the nature and scope section of the Application and Order (See Roberts) and instead of listing claims only in the Application but not the Order (See Morris), Mr. Baldree failed to list any claims in both the Application and the Order.

Nevertheless, this Court finds that Mr. Baldree has substantially complied with Rule 3(a) for several reasons: (1) Vallen has long been on notice of the ADEA claim, (2) Mr. Baldree timely submitted his Application and Order for an extension of time to file his complaint, (3) the state court issued Mr. Baldree an extension of time to file, (4) Mr. Baldree relied on that court issued extension and timely filed his ADEA claim, and (5) Mr. Baldree's attorney communicated with Vallen's counsel about their decision to file an Application and Order to extend time to file the ADEA claim. All these facts work together to accomplish the object of Rule 3(a), namely to give defendants "preliminary notice of the nature of the claim and purpose of the suit." Roberts, 256 N.C. at 436; cf. Perry v. City of High Point, 218 N.C. 714 (1940) (reasoning that substantial

7

compliance to a statute was achieved "where an effort to comply with [statutory] requirements has been made and the notice, statement, or presentation when reasonably construed is such as to accomplish the object of the statute.").

### B. Equitable Tolling

Even if Mr. Baldree did not substantially comply with Rule 3(a) and therefore failed to timely file his complaint, this Court holds that equitable tolling applies.

It is settled that the ninety-day limit in which a plaintiff must file a an ADEA claim is akin to a statute of limitations rather than a jurisdictional bar. Quinn v. Copart of Conn., Inc., 795 Fed. Appx. 393, 395 (4th Cir. 2019) (citing Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). Therefore, the time limit is subject to tolling. See, e.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); See Wright v. Tennessee, 628 F.2d 949, 952–53 (6th Cir. 1980) (en banc) (citing to decisions of several other circuits for the proposition that ADEA limitations periods are not jurisdictional, but are of a nature of statutes of limitations, subject to equitable modification).

Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances. See Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998); Nation v. Bank of Calif., 649 F.2d 691, 696 (9th Cir. 1981). The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). Courts have also

8

expressed a willingness to invoke equitable tolling in a number of other circumstances: when the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum. See United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); see also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (equitable tolling is an appropriate remedy when principles of equity would make a rigid application of the statute of limitations unfair).

Notably, some courts have found it appropriate to toll the statute of limitations in cases of attorney mistake. In Volk v. Multi-Media, Inc., the plaintiff's attorney failed to timely inform the Department of Labor that his client intended to sue his former employer under the ADEA. 516 F. Supp. 157, 161–62 (S.D. Ohio 1981). The court took into account the fact that the plaintiff's attorney was inept and sloppy, that the defendant suffered no prejudice, and that the plaintiff was diligent in finding out about the ADEA and hiring an attorney. Id. The court concluded that it was unwilling to "visit the consequences" of the lawyer's errors on his client. Id.

Finally, this Court notes that while the Supreme Court has repeatedly recognized the equitable tolling doctrine, it also has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin, 466 U.S. at 152. Therefore, the Court approaches the doctrine warily, so as to guard against possible misuse.

Here, equitable tolling is appropriate for four reasons. First, Mr. Baldree reasonably believed that the Order from the Mecklenburg Superior Court granting him a 20-day extension to file his complaint did in fact give him a 20-day extension. Second, the sudden change in filing

9

procedures due to the COVID-19 pandemic created extraordinary circumstances in which mistakes that normally would be caught went unnoticed both by Van Kampen Law and the Clerk of Court. Third, Vallen would suffer no prejudice by allowing this claim to proceed since they have been on notice for over a year that Mr. Baldree was pursuing an ADEA claim against them. Fourth, this Court is unwilling to visit the errors of Mr. Baldree's lawyer on Mr. Baldree, who throughout this entire process has been attentive to his rights by hiring an attorney, filing a request for a NRTS from the EEOC, entering into mediation with Vallen, and submitting all documents within applicable limitations periods.

Therefore, this Court exercises its equitable powers to toll the limitations period until June 23, 2020, when Mr. Baldree submitted his complaint.

## IV. CONCLUSION

Holding that Mr. Baldree substantially complied with Rule 3(a) and that equitable tolling would apply in lieu of substantial compliance, the Court will deny the partial motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. The Partial Motion to Dismiss for Failure to State a Claim, filed by Defendant Vallen Distribution, Inc., (Doc. No. 3), is **DENIED**.

by Signed: November 21, 2020

Max O. Cogburn Jr
United States District Judge